UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG STEVEN PETTIFORD,<br>Plaintiff,<br>-against-<br>THE CITY OF ATLANTA, ET AL.,<br>Defendants. | 26-CV-9184 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in the Bronx, New York, brings this *pro se* action invoking the court's diversity of citizenship jurisdiction, alleging that Defendants violated his rights in Atlanta, Georgia.[1] Named as Defendants are (1) the City of Atlanta; (2) the Atlanta Police Department; (3) a John Doe Atlanta Police Department officer; (4) Sergeant Reister of the Atlanta Police Department; and (5) Lieutenant Tate of the Atlanta Police Department. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[1] Plaintiff filed the complaint commencing this action on October 20, 2026. On October 21, 2026, without direction from the Court, Plaintiff filed an amended complaint. (ECF 4.) The amended complaint is the operative pleading.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Atlanta, Georgia. The City of Atlanta and the Atlanta Police Department reside in Atlanta, Georgia, which is primarily in Fulton County, but also extends into DeKalb County. Plaintiff does not provide residential addresses for the individual defendants, but he alleges that they are employed by the Atlanta Police Department. Atlanta, Georgia, is located in the Northern District of Georgia. *See* 28 U.S.C. § 90(a). Because Defendants either reside in, or are employed in, Atlanta, Georgia, and the alleged events occurred in Atlanta, Georgia, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Atlanta, Georgia, which is in the Northern District of Georgia. Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 26, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge